## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCOTT WALLIS, individually and as the sole beneficiary of USA Baby Inc.'s assets by Bankruptcy Court order, | : | Case No. 12-5285 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| ALAN LEVINE, *et al.*, | : | Honorable Joan B. Gottschall |
|  | : |  |
| Defendants. | : |  |

## DEFENDANT CARDSERVICE INTERNATIONAL, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY THE LAW FIRMS OF MILLER, SHAKMAN AND BEEM, AND FOX ROTHSCHILD LLP, PURSUANT TO LR83.50 AND IRPC 1.18

Defendant, Cardservice International, LLC ("**CSI**", incorrectly referred to in the Amended Complaint as "Card Services International, Inc."), by and through its undersigned counsel, Miller, Shakman & Beem LLP ("**MSB**") and Fox Rothschild LLP ("**Fox**"), respectfully submits this memorandum in opposition to the Motion of Plaintiff, Scott Wallis ("**Wallis**"), to Disqualify the Law Firms of Miller, Shakman and Beem, and Fox Rothschild LLP, Pursuant to LR83.50 and IRPC 1.18 (the "**Motion to Disqualify**").

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Wallis' Amended Complaint and CSI's Motion to Dismiss

Wallis' Amended Complaint runs to 92 pages and 657 paragraphs and names as defendants over 160 individuals, law firms, businesses, judges, state and federal government officials, and state and federal government entities, as well as several hundred Doe defendants. It accuses defendants of myriad violations of the bankruptcy automatic stay, racketeering, and

civil rights violations. CSI appears as a defendant because of its alleged tangential involvement in the Amended Complaint's allegation that certain franchisees continued using trademarks after franchise agreements had been terminated, rendering such use of the trademarks unauthorized.

On August 14, 2012, CSI filed a motion to dismiss the Amended Complaint and accompanying memorandum in support (collectively, "CSI's Motion to Dismiss") [ECF Nos. 19, 21]. CSI's Motion to Dismiss details the reasons that the Court should dismiss CSI as a defendant in this case; namely, that Wallis' claims against CSI are barred by *res judicata* and/or fail to state claim upon which relief can be granted. On September 4, 2012, the Court set a briefing schedule for CSI's Motion to Dismiss, as well as the numerous other motions to dismiss filed by defendants in this case [ECF No. 120]. The schedule provides that Wallis is to respond to CSI's Motion to Dismiss by November 11, 2012, that CSI shall reply by November 26, 2012, and that a status and motion hearing will be held on December 11, 2012.

### B. Wallis' Motion to Disqualify

Apparently in response to CSI's Motion to Dismiss Wallis' frivolous claims, Wallis filed his Motion to Disqualify on September 4, 2012 [ECF No. 122]. Wallis' Motion to Disqualify states that on November 17, 2008, Wallis filed a lawsuit styled "Scott Wallis v. Alan Levine et al., Case No. 08 CV 6579" (referred to herein as "Case No. 08-cv-6579"). See Motion to Disqualify at ¶ 2. Wallis further alleges that "[p]rior to July 28-29, 2009" he contacted MSB seeking legal representation in Case No. 08-cv-6579 and that "on July 28-29, 2009," he spoke by telephone with Edward Feldman ("Feldman"), a partner at MSB. Id. at ¶¶ 3-4. Wallis states that he and Feldman spoke for 15-20 minutes, during which conversation Wallis described Case No. 08-cv-6579 "in detail" and alleges that, at some undisclosed time, Feldman reviewed the complaint from Case No. 08-cv-6579. Id. at ¶ 4. Wallis contends that he considered the conversation to be privileged and has not waived any conflict or interest or consented to CSI's

2

representation by MSB. Id. Finally, Wallis makes the assertion that "[a]t all times relevant, said communications were used and communicated by Feldman and [MSB] against Wallis in litigation." Id. Outside of his broad and conclusory statements, Wallis has offered no evidence of any such purported conduct.

As for Fox, Wallis admits that he "does not know the extent of . . . conversations or the confidential information that was disclosed by Feldman to Fox" but goes on to assert that "Fox gained knowledge from Feldman that is directly adverse to Wallis who was a prospective client of Feldman and [MSB]." Id. at ¶ 17. Wallis' Motion to Disqualify requests that both MSB and Fox be disqualified and that CSI's Motion to Dismiss be stricken. Id. at ¶ 23.

**B.      Wallis' Prior Lawsuits Relevant to the Motion to Disqualify**

**1.      Case No. 08-cv-6579**

Case No. 08-cv-6579, discussed above, is the lawsuit that Wallis alleges he discussed with Feldman. As in this case, Wallis' complaint in Case No. 08-cv-6579 was a sprawling document that named dozens of defendants and spanned more than 200 pages, alleging Wallis' stock RICO violations and a litany of other claims, all styled as a purported shareholder derivative suit. CSI was not a defendant in Case No. 08-cv-6579, which was eventually dismissed by the Honorable Elaine E. Bucklo.

In a submission in Case No. 08-cv-6579, Wallis offered a different account of his purported conversation with Feldman, while in the process of questioning the impartiality of Judge Bucklo. On August 4, 2009, Wallis filed a "Motion for Equitable Relief" after his complaint had been dismissed and stated:

> On July 28, 2009, Wallis contacted the law firm of Miller, Shakman and Beem, LLP ("Shakman") in pursuit of legal representation for this case. Wallis' phone call was returned by Eddie Feldman ("Feldman") on July 28, 2009. Wallis, in his conversation with Feldman, learned that Shakman only represented law firms and attorneys as

3

defendants. Furthermore, Feldman stated that it was the long held and established practice of Shakman to not represent plaintiffs against law firms and/or attorneys. Wallis also learned this was the firm where Judge Bucklo practiced law as an attorney in Chicago. Needless to say, Wallis, in learning these facts, has serious concerns about the ability of Judge Bucklo to act impartially in this case, especially given her legal training at Shakman.

See Motion for Equitable Relief at ¶ 26, Case No. 08-cv-6579, Dkt. No. 119, attached hereto as Exhibit "A".

## 2. Case No. 10-cv-5497 (District Court Appeal of Case No. 10-a-1212)

A second prior lawsuit discussed in the Motion to Disqualify is Case No. 10-cv-5497, in which Wallis states he "notified" MSB of the alleged conflict. Case No. 10-cv-5497 represented an appeal before the district court of a bankruptcy adversary proceeding, Case No. 10-a-1212. On February 3, 2011, Wallis filed, in Case No. 10-cv-5497, a document styled "Joint Reply Brief and Appendix in Support of Appellants' Joint Opening Brief and in Opposition to Appellees' Briefs Appellants Scott Wallis and Ron Eriksen." Wallis' claimed "notification" was a passing reference to his alleged conversation with Feldman in a footnote in which Wallis purported to object to CSI's even referencing Case No. 08-cv-6579 (presumably because of the alleged conflict stemming from Judge Bucklo's past association with MSB), and made vague and unsubstantiated allegations of CSI passing information to unnamed "other Appellees." The footnote reads:

> Appellants [i.e., Wallis] object to the introduction of said case [i.e., Case No. 08-cv-6579] introduced into Case Nos. 10 AP 1212 & 10 CV 5497 by Defendants. On July 29, 2009, Wallis contacted the law firm of Miller, Shakman & Beem, LLP ("Shakman") to discuss representation in Case No. 08 CV 6579. Wallis discussed said case with Shakman, via attorney Eddie Feldman ("Feldman"), on the belief that Shakman would represent Wallis. Shakman, after reviewing said case, decided that it would not represent Wallis. Pursuant to Illinois Rules of Professional Conduct ("IRPC"), specifically IRPC Rules 1.18, 1.9 & 1.10, Shakman is a conflicted counsel. Furthermore, Wallis believes that Shakman has discussed information he disclosed related to said case with other Appellees. Information related to Case No. 08 CV 6579, introduced by Shakman, or Appellees, in Case Nos. 10

AP 1212 & 10 CV 6579, should be stricken, due to said conflict and the passing of information by Shakman to other Appellees.

Although his conversation with Feldman allegedly took place in July 2009, Wallis never moved to disqualify MSB or Fox from representing CSI in Case No. 10-cv-5497 or Case No. 10-a-1212.[1]

### C. Feldman Does Not Recall The Alleged Conversation With Wallis or Any Allegedly Disclosed Confidential Information

Feldman has no recollection of Wallis contacting him on or about July 29, 2009, or at any other time regarding Case No. 08-cv-6579. See Affidavit of Edward W. Feldman, Esquire at ¶ 3, attached hereto as Exhibit "B". Feldman does not recognize Wallis' name. Id. Feldman found nothing relating to Wallis or Case No. 08-cv-6579 in his emails from the time period of July 29, 2009. Id. at ¶ 4. Feldman's calendar from July 2009 also contained no references to any contact with Wallis or anyone else regarding Case No. 08-cv-6579. Id. at ¶ 5. In fact, Feldman located no documents or other records at MSB pertaining to Wallis or Case No. 08-cv-6579, and found nothing to suggest that he ever spoke with Wallis or anyone else regarding that matter. Id. at ¶ 6. Feldman reviewed the docket on PACER for Case No. 08-cv-6579, which was wholly unfamiliar to Feldman. Id. at ¶ 7. Indeed, the docket did not refresh any recollection on Feldman's part pertaining to any contact with Wallis or anyone else regarding that matter. Id.

Assuming that Wallis contacted Feldman in July 2009, Feldman has no recollection, notes or other documents reflecting any information regarding Case No. 10-cv-5497 or any other

---

[1] As discussed in CSI's Motion to Dismiss, Wallis filed yet another lawsuit against CSI, which lawsuit forms the basis for CSI's *res judicata* argument in this case. On November 10, 2010, Wallis filed a complaint in the United States District Court for the Northern District of Illinois against CSI and The Travelers Indemnity Company ("Case No. 10-cv-07250"). MSB and Fox represented CSI from the inception of Case No. 10-cv-07250 through its dismissal as to CSI, yet Wallis never moved to disqualify MSB and/or Fox in that case either. It is only now, after being faced with another motion to dismiss Wallis' repetitious and frivolous claims, that Wallis raises this purported issue.

matter involving Wallis. Id. at ¶ 8. Indeed, Feldman has no recollection of Wallis or anyone

asking him to represent them in Case No. 08-cv-6579. Id. at ¶ 10. Of course, Wallis never

retained MSB or Feldman to represent Wallis in Case No. 08-cv-6579. Id. at ¶ 11.[2]

## II.    ARGUMENT

Disqualification of a party's chosen counsel "is a drastic measure which courts should

hesitate to impose except when absolutely necessary [because a] disqualification of counsel,

while protecting the attorney-client relationship, also serves to destroy a relationship by

depriving a party of representation of their own choosing." Freeman v. Chicago Musical

Instrument Co., 689 F.2d 715, 721-722 (7th Cir. 1982). As this Court noted in its September 11,

2012 order setting a briefing schedule on the Motion to Disqualify (which order at the same time

denied two additional motions to disqualify filed by Wallis, calling one of them frivolous),

motions for disqualification "should be viewed with extreme caution for they can be misused as

techniques of harassment." Freeman, 689 F.2d at 722. "Accordingly, the burden is on the moving

party to show the facts warranting disqualification." Van Jackson v. Check 'N Go of Ill., Inc.,

114 F. Supp. 2d 731, 732 (N.D. Ill. 2000). As this Court noted, "[t]here must be solid evidence

of conflict; the court will not grant a motion for disqualification 'where the mere appearance of

impropriety is far from clear.'" See September 11, 2012 Order [ECF No. 144] (quoting

Freeman, 689 F.2d at 723).

---

[2] With the exception of (i) Feldman contacting his partner, Marc Beem, on February 7 and 8, 2011
regarding the footnote discussed above in Case No. 10-cv-5497 and the facts in his affidavit and (ii) a
conversation with counsel from Fox in December 2010 regarding procedures in the Northern District of
Illinois regarding another suit that Wallis commenced against CSI, Feldman had no contact with any of
the parties or their counsel regarding these proceedings. Id. at ¶ 9.

ABA Model Rules of Professional Conduct Rule 1.18 ("Rule 1.18")[3] pertains to the disqualification of counsel due to alleged "prospective client" relationships. It provides:

> (a)  A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
>
> (b)  Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.
>
> (c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

The first question under this Rule is whether a prospective client relationship existed at all. See Cascades Branding Innovation, LLC v. Walgreen Co., 2012 WL 1570774, at *6 (N.D. Ill. May 3, 2012). If so, courts consider "whether a substantial relationship exists between a client and an attorney," and have applied the following three-prong test:

> a three-level inquiry [should] be undertaken . . . First, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Third, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

Id. at *6 (quoting LaSalle Nat'l Bank v. County of Lake, 703 F.2d 252, 255-256 (7th Cir. 1983) and applying three-pronged test to prospective-client scenario).

CSI discusses these factors below, but highlights here that the defining characteristic of Wallis' recounting of his alleged conversation with Feldman is its complete lack of detail

---

[3]  See Local Civil Rule 83.50 ("Applicable disciplinary rules are the Model Rules adopted by the American Bar Association."). Wallis cites to rules of professional conduct from Illinois, where MSB is located, and Pennsylvania, where Fox is located. These state rules are modeled after the ABA Model Rule and similar if not identical to the rules in a number of other jurisdictions.

regarding what was actually discussed; there is no "solid evidence of conflict." Instead, Wallis makes a series of conclusory and unsubstantiated assertions. In the Motion to Disqualify, Wallis states he "described [Case No. 08-cv-6579] in detail," but does not say what comprised this description, much less that it involved any confidential information. <u>See</u> Motion to Disqualify at ¶ 4. In the affidavit Wallis submitted with the Motion to Disqualify, Wallis is equally vague, merely stating that he "disclosed confidential information pertaining to Case No. 08 CV 6579." <u>See</u> Exhibit B to Motion to Disqualify at ¶ 5. These bald assertions, with no detail or corroborating evidence, wholly fail to carry Wallis' burden.

### 1. No Prospective Client Relationship Was Formed Between Wallis and MSB.

Wallis does not proffer enough evidence to carry his burden in establishing that a prospective client relationship was even formed, much less that it requires disqualification. Wallis' vague, conclusory accounting of this telephone conversation, coupled with Feldman's affidavit stating that he recalls no details of such a conversation or even that it occurred, are insufficient to demonstrate that Wallis "consult[ed] with [Feldman] about the possibility of forming a client-lawyer relationship with respect to a matter . . . ." <u>See</u> Rule 1.18.

### 2. If A Prospective Client Relationship Was Formed, Its Scope Was Extremely Limited.

To the extent this prong applies to prospective (as opposed to former) clients, it clearly counsels against disqualification in this case. Wallis alleges a 15 to 20 minute phone call and fails to identify at any level of detail what was discussed. The conversation was so inconsequential that Feldman does not recall it occurring. Given the scope of this alleged communication, the burden placed on Wallis is especially heavy in demonstrating that it should have any bearing on this case, a burden he totally fails to meet.

**3.** **Wallis Provides No Basis To**
        **Reasonably Infer That Confidential Information Was Disclosed.**

The <u>Cascades Branding</u> court next asked whether "it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters," and in answering this question provides an excellent contrast to this case. In <u>Cascades Branding</u>, the court discussed a series of emails in which details about the plaintiff's patent portfolio were passed to a lawyer who then declined to represent the plaintiff and ended up representing defendant in the case where disqualification was sought. The court noted that the emails were "illuminating as to [plaintiff's] core litigation, licensing, reasonable royalty and business model strategies," and also reflected additional communications beyond the emails. 2012 WL 1570774 at *9. As corroboration for the substantive nature of these communications, the court noted that the counsel involved could recall details regarding plaintiff off the top of his head. <u>Id.</u> Conversely, where, as here, the purported prospective client fails set out in detail the information allegedly disclosed, disqualification is not proper. <u>See</u> <u>Conn v. U.S. Steel Corp.</u>, 2009 WL 260955, at *6 (N.D. Ind. Feb. 2, 2009) (denying motion to disqualify under Indiana's Rule 1.18 where plaintiff failed to identify the confidential information that was allegedly disclosed).

Needless to say, there is nothing in this case approaching the level of detailed disclosures at issue in <u>Cascade Branding</u>. In his submission in this case, Wallis provides no details regarding the alleged disclosures. The only potential clue as to what was actually discussed comes in Wallis' submission in Case No. 08-cv-6579 in which Wallis questioned the impartiality of Judge Bucklo. That discussion, provided before Wallis had any reason to seek disqualification, gives no indication that any confidential information passed between Wallis and Feldman. At most it implies that he and Feldman discussed the fact that some of the defendants in Case No. 08-cv-

9

6579 were law firms, information that could be gleaned from an inspection of the publicly available complaint and docket.

    4.    **Wallis Provides No Basis To Find**
          **That Information Relevant To This Matter Was Disclosed.**

The third factor considered by the <u>Cascades Branding</u> court was whether the disclosed information "is relevant to the issues raised in the litigation pending against the former client." This prong essentially asks the key question posed by Rule 1.18—whether the information received from the prospective client could be "substantially harmful" to the prospective client in the matter where disqualification is sought. <u>See Cascades Branding</u>, 2012 WL 1570774 at *9.

In this case, Wallis has not made this showing, because, again, Wallis has not identified any information that was allegedly disclosed. This failure of proof is fatal to his Motion to Disqualify. The New Jersey Supreme Court recently defined "significantly harmful" information as used in its Rule of Professional Conduct 1.18, which is similar to Illinois' Rule 1.18, and held:

> [I]n order for information to be deemed "significantly harmful" within the context of RPC 1.18, disclosure of that information cannot be simply detrimental in general to the former prospective client, but the harm suffered must be prejudicial in fact to the former prospective client within the confines of the specific matter in which disqualification is sought, a determination that is exquisitely fact-sensitive and specific.

<u>O Builders & Assoc. Inc. v. Yuna Corp.</u>, 19 A.3d 966, 976 (N.J. 2011). In that case, the court denied a motion to disqualify because the alleged prospective client failed to meet the "burden of production and persuasion in the request to disqualify" by "vaguely claim[ing] only that information 'concerning pending litigation and business matters' had been disclosed" and making "bald and unsubstantiated assertions." <u>Id.</u>; <u>see also</u> <u>State ex rel. Thompson v. Dueker</u>, 346 S.W.3d 390, 396 (Mo. App. E.D. 2011) (applying similar Missouri rule and finding "*specific evidence of the nature and substance of the information is required* in Rule 4–1.18 proceedings

to establish that it is 'significantly harmful;' speculative or hypothetical claims of harm are not enough.") (emphasis added).

For all of the reasons discussed above, Wallis has not provided any evidence, much less "specific evidence of the nature and substance," of the information he purportedly disclosed to Feldman that could conceivably be "substantially harmful" to his interests in this case. His assertion that "[a]t all times relevant, said communications were used and communicated by Feldman and [MSB] against Wallis in litigation" is, like the rest of his allegations, conclusory, unsubstantiated and inadequate to carry his burden. The lack of harm is further evidenced by Wallis' failure to seek disqualification of MSB in at least two prior lawsuits in which MSB represented CSI after Wallis' alleged conversation with Feldman. The Motion to Disqualify was proffered for no other reason than to harass CSI and in a thinly veiled attempt to avoid the dismissal of yet another frivolous lawsuit.

### 5.      Wallis Provides No Basis to Disqualify Fox

As discussed above, Wallis' threadbare account of his conversation with Feldman cannot carry his burden in seeking the disfavored relief of attorney disqualification under any circumstances. Regarding Fox, Rule 1.18 applies to "a lawyer who has had discussions with a prospective client" and provides that, if a conflict of interest is found, "no lawyer in a firm with which that lawyer is associated may" continue to be adverse to the prospective client. Wallis cites no authority to hold that the communication of a prospective client with one law firm should be imputed to another law firm, and his admission that he does not know whether Feldman passed to Fox any information he allegedly learned (albeit followed by the naked and contradictory assertion that he did pass such information) does not support any such imputation.

CSI believes that the Motion to Disqualify has no merit as to MSB or Fox, but should the Court disagree as to MSB, CSI respectfully submits that there is no basis whatsoever to disqualify Fox.

## III.  RELIEF REQUESTED

Accordingly, CSI respectfully requests that the Court deny Wallis' Motion to Disqualify.

Respectfully submitted,

s/ Melissa B. Pryor
Marc O. Beem, Esquire
Melissa B. Pryor, Esquire
**MILLER SHAKMAN & BEEM LLP**
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
Tel. 312-263-3700/Fax 312-263-3270
*mbeem@millershakman.com*
*mpryor@millershakman.com*

Joshua Horn, Esquire (admitted *pro hac vice*)
Kenneth H. Leichter, Esquire (admitted *pro hac vice*)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel. 215-299-2000/Fax 215-299-2150
*jhorn@foxrothschild.com*
*kleichter@foxrothschild.com*

Attorneys for Defendant
Cardservice International, LLC

Dated:  October 5, 2012

12

PH1 3282294v2 10/05/12

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCOTT WALLIS, individually and as the sole beneficiary of USA Baby Inc.'s assets by Bankruptcy Court order, | : : : | Case No. 12-5285 |
|  | : |  |
| Plaintiff, | : : |  |
| v. | : : |  |
| ALAN LEVINE, *et al.*, | : : | Honorable Joan B. Gottschall |
| Defendants. | : : |  |

## CERTIFICATE OF SERVICES

The undersigned attorney, upon oath, hereby creativities that a copy of the foregoing memorandum of defendant, Cardservice International, Inc., in opposition to Plaintiff's *Motion to Disqualify the Law Firms of Miller, Shakman and Beem, and Fox Rothschild LLP, Pursuant to LR83.50 and IRPC 1.18*, was served upon the party listed below via U.S. Mail, postage prepaid, on the 5th day of October, 2012:

Scott Wallis
2534 Emily Lane
Elgin, IL 60124

*Pro se plaintiff*

s/ Kenneth H. Leichter