Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Joan B. Gottschall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5285 | **DATE** | 10/25/2012 |
| **CASE TITLE** | Wallis vs. Levine | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Disqualify the law firms of Miller, Shakman and Beem and Fox Rothschild, LLP [122] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Scott Wallis filed a motion [122] to disqualify the law firms of Miller, Shakman and Beem ("MSB") and Fox Rothschild, LLP ("Fox") from representing Defendant Cardservice International, LLC ("CSI") in this litigation. The court has received the law firms' response to the motion as well as Wallis's reply. For the reasons stated below, the motion is denied.

Wallis claims that the firms should be disqualified because, after filing a lawsuit in 2008, he contacted MSB seeking legal representation. Wallis claims that he spoke with MSB attorney Eddie Feldman about his case, and that Feldman then spoke about Wallis's case with Fox. Wallis argues that, in representing CSI in this litigation, MSB is violating Illinois' Rules of Professional Conduct, while Fox (a Pennsylvania firm) is violating Pennsylvania's Rules of Professional Conduct. Wallis argues that he was a prospective client when he spoke to Feldman, and that the information he revealed to Feldman could be harmful to him in this case. He therefore argues that Rule 1.18 of the Illinois and Pennsylvania Rules of Professional Conduct (identical to the American Bar Association's Model Rule 1.18) mandates disqualification of both firms.

Rule 1.18 (Duties to Prospective Client) provides that an attorney who receives information from a "prospective client" may "not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." Courts have applied the rule to disqualify firms where lawyers learned confidential information about the factual basis of a claim or a party's litigation strategy--information that would "unfairly advantage . . . current clients." *De David v. Alaron Trading Corp.*, No. 10 C 3502, 2012 WL 1429564, at *3 (N.D. Ill. Apr. 23, 2012).

MSB and Fox respond that Wallis has offered no evidence that any communication from Wallis to Feldman has been or has the potential to be used against Wallis in litigation, nor has Wallis supplied any evidence as to what information was disclosed by Feldman to Fox. CSI was not a defendant in Wallis's 2008 case, *Wallis v. Levine*, No. 08 C 6579 (N.D. Ill.). The law firms also point out that, in the 2008 litigation, Wallis filed a motion seeking

| STATEMENT |
|---|

to disqualify the judge that stated that, during his conversation with Feldman, he learned that Shakman did not represent plaintiffs against law firms or attorneys. (*See* Motion for Equitable Relief, Case No. 08-cv-6579, ECF No. 119.) MSB and Fox have also provided an affidavit from Feldman which states that he does not recollect his conversation with Wallis or recognize Wallis's name, and that he has no notes or records pertaining to the conversation.

Motions for disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). "Accordingly, the burden is on the moving party to show the facts warranting disqualification." *Van Jackson v. Check 'N Go of Ill., Inc.*, 114 F. Supp. 2d 731, 732 (N.D. Ill. 2000). There must be solid evidence of conflict; the court will not grant a motion for disqualification "where the mere appearance of impropriety is far from clear." *Freeman*, 689 F.2d at 723.

Assuming that a "prospective client" relationship was formed during Wallis's conversation with Feldman, Wallis has presented the court with no facts that would warrant disqualification. The conversation between Wallis and Feldman about Wallis's 2008 case lasted only 15-20 minutes, during which time Feldman apparently informed Wallis that MSB did not take on cases against law firms and attorneys. Wallis gives no hint as to what confidential information might have been revealed during the conversation that was relevant to this case or could be "significantly harmful" to him. As the appearance of impropriety is far from clear, Wallis has failed to meet his burden to show that disqualification is warranted. The court therefore denies his motion.