# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5285 | **DATE** | 2/15/2013 |
| **CASE TITLE** | Wallis vs. Levine, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Vacate Judgment [357] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Now before the court is Plaintiff Scott Wallis's motion to amend or vacate the court's judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(3).[1] Wallis brought a forty-count Amended Complaint on behalf of himself individually and as beneficiary of USA Baby, Inc. ("USA Baby"), asserting claims against approximately 190 defendants. On January 3, 2013, in a twenty-eight page opinion, the court dismissed Wallis's claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

In the Seventh Circuit, it is well-established that a motion under Rule 59(e) is appropriate only:

> where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). The court's power to reconsider its judgments "should be exercised only in the rarest of circumstances and where there is a compelling reason." *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 782 (N.D. Ill. 2010) (citing *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)). A motion to reconsider is not an appropriate vehicle to reargue that which was previously considered by the court. *Id.* at 781.

Pursuant to Rule 60(b)(3), a party may obtain relief from an order if he can prove that he was prevented from "fully and fairly presenting" a meritorious claim "as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010) (internal quotation marks omitted). Such relief "is granted only in exceptional circumstances," and the party seeking to set aside the judgment must prove fraud by clear and convincing evidence. *Id.* at 759 (internal quotation marks omitted).

Wallis first argues that the defendants made misrepresentations to the court in their motions to have him declared a vexatious litigant by the Executive Committee. The court did not consider or rule on those motions; it stated by minute order that the power to declare a litigant vexatious lies with the Executive Committee.

**STATEMENT**

Although the court stated that the motions would be taken under advisement in determining whether any recommendation to the Executive Committee was appropriate, it further stated that it would make such an assessment only after evaluating the merits of the motions to dismiss. (Minute Entry Oct. 15, 2012, ECF No. 217.) The Executive Committee issued an order declaring Wallis a vexatious litigant on December 20, 2012, before the court had decided the motions to dismiss. Thus, even if misrepresentations were made in defendants' motions to declare Wallis a vexatious litigant, they had no effect on Wallis's ability to "fully and fairly present" his claims to the court.

Wallis next argues that the court improperly took judicial notice of the decisions of other courts in deciding the motion to dismiss. A district court may "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "This exception has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Id.* Proceedings of other courts may be judicially noticed if findings are not subject to dispute. *Id.* at 1082-83. The court finds no error in the January 3, 2013, opinion insofar as it relied on the orders of other courts to establish, for example, that prior legal actions brought by the defendants against Wallis and other USA Baby officers did not violate an automatic bankruptcy stay which protected USA Baby itself.

The bulk of Wallis's motion presents his arguments as to why he believes that the defendants conspired to deprive USA Baby of franchise payments, to drive it into bankruptcy, and to fraudulently register trademarks. He further argues that the allegations in the Amended Complaint sufficiently stated a RICO claim. These are simply efforts to reargue the matters that were already presented to the court, and they therefore provide the court with no basis on which to grant Wallis relief from the January 3, 2013, order.[2]

Finally, Wallis objects that he has not been afforded an opportunity to present his arguments orally. As is true in most cases, the court did not find oral argument was required at the motion to dimiss stage of this case, and it decided the motions to dismiss based on the parties' written submissions. This is the manner in which such motions are typically handled. In this case, moreover, oral argument would have been extremely unwieldy and unproductive, given the huge number of defendants involved in the action. Therefore, this is not a basis on which to grant Wallis relief from the court's judgment.

---

[1] Wallis cites Rule 59, but the court will also consider whether relief would be appropriate pursuant to Rule 60(b)(3), which allows the court to relieve a party from a final judgment because of fraud, misrepresentation, or misconduct by the opposing party.

[2] The motion to reconsider does not challenge the bases on which most of the counts in the Amended Complaint were dismissed, such as judicial, prosecutorial, and state sovereign immunity. These grounds for dismissal have nothing to do with the alleged fraud, nor does Wallis argue that the court made errors of law or apprehension as to these counts.